# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY HOWELL, KASEY RUPP, HOLLY GORECKI, J.R., G.R., C.R., and E.R.,

    Plaintiffs,

v.

MANITOWOC COUNTY DHS, BRIANNA ZIPPERER, STEPHANIE WILLIS, EMILY KORTENS, NATTILIE NELL, SUE ADER, LANE KINZEL, and NANCY RANDOLPH,

    Defendants.

Case No. 20-CV-1121-JPS

**ORDER**

**1.    BACKGROUND**

Plaintiffs, proceeding *pro se*, filed a complaint and several amended versions and supplements to the same. (*See* Docket #1, #4, #5, #9, #10, #13). Plaintiff Kimberly Howell ("Howell") also filed a motion for leave to proceed without prepayment of the $400 filing fee in this case, i.e., a motion for leave to proceed *in forma pauperis*. Plaintiffs have also filed several motions to appoint counsel. (Docket #11, #12).

**2.    MINOR PLAINTIFFS**

Before evaluating the Plaintiffs' motions, the Court addresses whether Plaintiffs Howell, Holly Gorecki ("Gorecki"), and Kasey Rupp ("Rupp") may bring this action *pro se* on behalf of their minor children or grandchildren. "To maintain a suit in a federal court, a child . . . must be represented by a competent adult, ordinarily a parent or relative." *Johnson v. Collins*, 5 Fed. App'x 479, 485 (7th Cir. 2001); Fed. R. Civ. P. 17(c)(1).

However, a party representing a minor child may not do so without counsel. *Id*. In *Johnson*, the Seventh Circuit explained that "[b]ecause the choice to appear pro se is not a 'true choice' for minors who cannot determine their own legal actions, minors are entitled to trained legal assistance so that their rights may be fully protected." *Id.*; *see also Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. Apr. 30, 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel.").

Because none of the adult plaintiffs in this action are represented by counsel,[1] they may not bring this action on behalf of J.R., C.R., G.R. or E.R. Thus, the Court dismisses J.R., C.R., G.R., and E.R. from this action.

## 3. PLAINTIFFS' INDIGENCE

To allow a plaintiff to proceed *in forma pauperis*, the Court must first decide whether the remaining plaintiffs have the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). On the question of indigence, Plaintiffs need not show that they are totally destitute. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). However, the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Notably, "indigent litigants are not permitted to file joint motions for leave to proceed IFP [*in forma pauperis*] and instead each plaintiff in a case

---

[1]The Court recognizes that Plaintiffs Howell, Rupp, and Gorecki have filed motions to appoint counsel on behalf of all Plaintiffs (Docket #11, #12). However, as discussed in Section 5, *infra*, the Court will deny those motions.

seeking leave to proceed IFP must file a separate motion for IFP status." *McGinnis v. Perry Cty. Ct.*, Civil No. 11–802–GPM, 2011 WL 4344211, at *2 n.1 (S.D. Ill. Sept. 14, 2011). This is because the Clerk of Court charges only one filing fee and that fee remains the same, regardless of the number of plaintiffs in an action. In this case, Howell is the only plaintiff who filed a motion for leave to proceed *in forma pauperis*. Therefore, because the remaining plaintiffs have not individually filed the required information demonstrating their inability to pay the filing fee, the Court cannot determine whether Plaintiffs may proceed without prepayment of the filing fee.

Additionally, based on the information that Howell provided, the Court cannot determine whether she is indigent. For example, Howell states that she has savings but does not state the total of such sums. (Docket #3 at 3). She also lists a $20,000.00 expense and explains that this is her attorney's bill in an ongoing case. (*Id.*) It is unclear whether she has actually paid her attorney or anticipates this expense. Similarly, it is unclear whether Plaintiff has already accounted for this expense when she states that she has received $23,000.00 in income from her profit-sharing account but has paid that to her attorney. (*Id.* at 2). Based on the foregoing, the Court will deny Howell's motion for leave to proceed *in forma pauperis*. (Docket #3). As discussed in Section 4.2, *infra*, the Court will dismiss Plaintiffs' amended complaint without prejudice. If Plaintiffs chose to file a second amended complaint, they must also either pay the filing fee or file three separate motions for leave to proceed *in forma pauperis*. The Court will give Plaintiffs until **January 19, 2021** to do so.

## 4. EVALUATION OF PLAINTIFFS' CLAIMS

### 4.1 Plaintiffs' Operative Complaint

On July 22, 2020, Plaintiffs filed an unsigned complaint in this action. (Docket #1). After being notified of this oversight, Plaintiffs filed a signed complaint and Howell also filed a supplement, which is approximately two sentences long. (Docket #4, #5). Plaintiffs then filled out another version of this district's complaint form for *pro se* litigants and submitted it as an amended complaint on July 28, 2020. (Docket #9). In this version, Plaintiffs added Defendants Kinzel and Randolph. (*Id.* at 2). The Court shall treat Plaintiffs' July 28, 2020 amended complaint, (Docket #9), as the operative complaint in this action.

A couple of weeks later, Plaintiffs filed two motions to amend the original complaint, (Docket #10, #13), which appear to be two copies of the same document. In these motions, Plaintiffs seek to "amend the original complaint with everything remaining the same" with two proposed amendments. (Docket #10 at 1, #13 at 1). Both documents are approximately three paragraphs long.

The Court must reject Plaintiffs' supplement, (Docket #4), and their motions to amend, (Docket #10,#13). An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Thus, the Court will not permit Plaintiffs to amend their complaint in piecemeal fashion. If they desire to file a second amended complaint, they must include all of the allegations they wish to make in a single filing, without reference to their previously filed documents.

### 4.2 Evaluation of Plaintiffs' Claims

Next, the Court shall screen the amended complaint, (Docket #9), pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion thereof, if a plaintiff has raised claims that: (1) are legally frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Court gleans that Plaintiff Howell is the grandmother, and Rupp and Gorecki are the parents, of the minors named in this amended complaint. (Docket #9 at 5). Plaintiffs assert that approximately one year ago, a Manitowoc County Department of Human Services ("DHS") employee, Brianna Zipperer, stated that the children were in "imminent danger" and removed those children from Howell's home without a warrant. (*Id.* at 3). Plaintiffs aver that from December 20, 2019 through June 10, 2020, DHS did not have a court order to hold these minors. (*Id.* at 5). Plaintiffs also state that DHS did not conduct any home visits and the state court did not hold any hearings in this case. (*Id.* at 5–6). Based on this information, Plaintiffs state that Defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures and

their Fourteenth Amendment due process rights.[2] (*Id.* at 3, 5–6). Plaintiffs Rupp and Gorecki also claim that Defendants discriminated against them when Defendants deemed them incapable of raising their children based on their respective disabilities. (*Id.* at 5). Plaintiffs request that this Court (1) dismiss the state's case, (2) ensure that the children are returned to Plaintiffs, (3) issue a restraining order to DHS as to Plaintiffs, and (4) clarify what "imminent danger" means. (*Id.* at 3–4).

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), this Court must abstain from adjudicating this case. In *Milchtein v. Chisholm*, the Seventh Circuit reiterated that "*Younger* prevents a federal judge from resolving isolated legal issues that might matter to proceedings already before a state agency or judge." 880 F.3d 895, 899 (7th Cir. 2018). This is because "[p]rinciples of comity and federalism permit states to resolve for themselves all legal contentions, including those based on the Constitution." *Id.* Plaintiffs' constitutional claims are legal issues that matter to proceedings already before the state court and/or agency. And, if the Court were to grant Plaintiffs the relief that they seek, it would undoubtedly interfere with their state case. Thus, Plaintiffs are directed to present their constitutional arguments to the state officials. *See id.* The Court will dismiss Plaintiffs' amended complaint without prejudice, giving

---

[2] Plaintiffs allege that DHS violated the children's due process rights when it kept them in foster care from December 20, 2019 to June 10, 2020 without any hearings, visits, or proceedings. As discussed in Section 2, *supra*, Plaintiffs Howell, Gorecki, and Rupp cannot bring these claims on behalf of their children or grandchildren without counsel. Because the Court will dismiss the minors from this action, it will not evaluate the merits of their Fourteenth Amendment due process claim.

Plaintiffs an opportunity to file a second amended complaint.³ *See Stoller v. Walworth Cty.*, 770 Fed. App'x 762, 764 (7th Cir. 2019) (explaining that courts should allow defective pleadings to be corrected in the early stages of litigation, when amendment would not be futile, especially with regard to *pro se* litigants for whom "pleading standards are relaxed.").

**5.     MOTIONS TO APPOINT COUNSEL**

Lastly, the Court addresses Plaintiffs' motions to appoint counsel. As a civil litigant, Plaintiffs have no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Plaintiffs may seek the assistance of the Court in recruiting counsel on their behalf if they show that: (1) they cannot afford their own lawyer; (2) they have made reasonable attempts to secure counsel; and (3) the case is sufficiently difficult or complex that it exceeds their capacities to present it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). "Generally, in this district a plaintiff must show that she contacted at least three lawyers by providing the court with the names of the lawyers she contacted and, if possible, a copy or description of their responses." *Holtz v. Frostman*, Case No. 20-C-976, 2020 WL 4784842, at *4 (E.D. Wis. Aug. 18, 2020).

Plaintiffs' statement that they have "looked all over [Wisconsin] and Illinois" is insufficient to show that Plaintiffs have made an attempt to procure counsel. (Docket #11, #12). Plaintiffs have also failed to explain how it would be beyond their capacities to present this case. *See Keith v. Ruples*, Case No. 16-CV-311-JPS, 2017 WL 237624, at * 11 n.3 (E.D. Wis. Jan. 19, 2017) ("[N]or did [the plaintiff] explain how this case is beyond her ability to

---

³The Court also directs the Clerk of Court to mail Plaintiffs a copy of this district's "Guide to Filing Non-Prisoner Complaints Without a Lawyer."

present."). Therefore, the Court will deny Plaintiffs' motions for appointment of counsel at this time. If Plaintiffs choose to file a second amended complaint, they can file another motion to appoint counsel along with evidence that (1) they have made an effort to obtain counsel and remain unable to find an attorney willing to represent them and (2) this case is sufficiently difficult or complex, exceeding their abilities to present it to the Court.

## 6. CONCLUSION

The Court will dismiss the minor plaintiffs from this action and will dismiss the amended complaint, (Docket #9), without prejudice, as to Plaintiffs Howell, Gorecki, and Rupp. However, Plaintiffs may file a second amended complaint on or before **January 19, 2021**. If Plaintiffs choose to file a second amended complaint, they must also either pay the filing fee or file three separate motions for leave to proceed *in forma pauperis* by **January 19, 2021**. Further, the Court denies Plaintiffs' supplement, (Docket #4), their previous motions to amend their complaint, (Docket #10, #13), and Plaintiff Howell's motion to proceed *in forma pauperis*, (Docket #2). Lastly, the Court also denies Plaintiffs' motions to appoint counsel. (Docket #11, #12).

Accordingly,

**IT IS ORDERED** that Plaintiffs J.R., G.R., C.R., and E.R. be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff Howell's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs Howell, Gorecki, and Rupp's supplement (Docket #4) and their motions to amend their complaint (Docket #10 and #13) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs Howell, Gorecki, and Rupp's motions to appoint counsel (Docket #11 and #12) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiffs Howell, Gorecki, and Rupp's amended complaint (Docket #9) be and the same is hereby **DISMISSED without prejudice**; should Plaintiffs choose to file a second amended complaint they must do so on or before **January 19, 2021**. Plaintiffs must also either pay the filing fee or file three separate motions to proceed *in forma* pauperis on or before **January 19, 2021**. If Plaintiffs do not file a second amended complaint, as well as pay the filing fee or file motions to proceed *in forma pauperis*, by that deadline, the Court will dismiss this case for failure to state a claim in the amended complaint (Docket #9).

Dated at Milwaukee, Wisconsin, this 21st day of December, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge