# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY HOWELL, KASEY RUPP, and HOLLY GORECKI,

                Plaintiffs,

v.

BRIANNA ZIPPERER, STEPHANIE WILLIS, MANITOWOC COUNTY HUMAN SERVICES, DAVE MCCUE, MARK ROHERER, DELORES SENN, SENN FAMILY, HEIDI SCHROADER, and VALDERS SCHOOL DISTRICT,

                Defendants.

Case No. 20-CV-1121-JPS

**ORDER**

### 1. BACKGROUND

Plaintiffs Kimberly Howell ("Howell"), Kasey Rupp ("Rupp"), and Holly Gorecki ("Gorecki") brought this civil rights action pursuant to 42 U.S.C. § 1983. (Docket #1). Howell is the grandmother, and Rupp and Gorecki are the parents, of children also named as plaintiffs in the original and amended complaint (the "First Amended Complaint"). (*See* Docket #15 at 5). In December 2020, the Court dismissed the children as plaintiffs from this action. (*Id.* at 1–2). The Court also dismissed Plaintiffs' First Amended Complaint and gave them leave to file a second amended complaint. (*Id.* at 5–8). Further, the Court denied Howell's motion to proceed *in forma pauperis*, and instructed Plaintiffs that to proceed without prepayment of the filing fee, each plaintiff must file a motion to do so. (*Id.* at 2–3). Lastly, the Court denied Plaintiffs' motions to appoint counsel. (*Id.* at 7–8).

On December 28, 2020, Plaintiffs filed a "Second Amended Complaint." (Docket #16). Shortly thereafter, Howell, Rupp, and Gorecki each filed an individual motion for leave to proceed *in forma pauperis*. (Docket #21, #22, #23). Additionally, each plaintiff filed a separate and different complaint along with his or her motion to proceed *in forma pauperis*. (*See* Docket# #21-1, #22-1, #23-1). However, on January 12, 2021, Plaintiffs jointly filed a third amended complaint and a supplement thereto (hereinafter, and collectively, the "Third Amended Complaint"). (Docket #27, #28). Additionally, both Howell and Gorecki filed motions to appoint counsel, and Rupp filed a motion to reinstate his children as plaintiffs. (Docket #24, #25, #29).[1] The Court addresses these various motions in the balance of this Order.

## 2. LEGAL STANDARD

Before allowing Plaintiffs to proceed without prepaying the filing fee, the Court must first decide whether Plaintiffs, collectively, are able to pay the filing fee and, if not, whether their lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B); *McGinnis v. Perry Cnty. Ct.*, Civil No. 11–802–GPM, 2011 WL 4344211, at *2 n.1 (S.D. Ill. Sept. 14, 2011) ("[I]ndigent litigants are not permitted to file joint motions for leave to proceed IFP [*in forma pauperis*] and instead each plaintiff in a case seeking leave to proceed IFP must file a separate motion for IFP status."). Typically, the Court addresses a plaintiff's indigence before screening the complaint. Yet, for the reasons explained below, the Court begins—and ends—its analysis by screening Plaintiffs' Third Amended Complaint.

---

[1]Howell also filed a letter asking if she could make payments on the filing fee and represents that she included information about lawyers she has contacted to represent her. (Docket #30). However, she did not attach any such information.

Upon screening a plaintiff's complaint, the Court must dismiss the case if it (1) is "frivolous or malicious," (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation and alteration omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

To be sure, documents filed by pro se litigants are "to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be

Page 3 of 10
Case 1:20-cv-01121-JPS   Filed 08/30/21   Page 3 of 10   Document 31

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Yet, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). With the foregoing in mind, the Court evaluates Plaintiffs' pleadings as stated in their Third Amended Complaint.

3.   **RELEVANT ALLEGATIONS**

Plaintiffs' Third Amended Complaint is more fragmented and less coherent than their First Amended Complaint. As a basis for jurisdiction, Plaintiffs state that their Fourth Amendment rights against illegal search and seizure were violated.[2] (Docket #28 at 3). However, Plaintiffs do not

---

[2] Plaintiffs write, "Violation of 4th – illegal search and seizure (Green vs. Camerata Oregon)." In *Greene v. Camreta*, 558 F.3d 1011, 1030 (9th Cir. 2009), the Ninth Circuit held that "the decision to seize and interrogate [a minor child] in the absence of a warrant, a court order, exigent circumstances, or parental consent was unconstitutional." However, the appellate court found that the defendants were "entitled to qualified immunity" as to the plaintiffs' Fourth Amendment claim because Ninth Circuit "precedent did not clearly establish that the in-school seizure of a student suspected of being the victim of sexual abuse can be subject to traditional Fourth Amendment protections . . . ." *Id.* at 1033. Thereafter, the defendants petitioned the Supreme Court as to the Ninth Circuit's ruling that their conduct violated the Fourth Amendment. *Camreta v. Greene*, 563 U.S. 692, 700 (2011). The Supreme Court ultimately vacated and remanded the appellate court's opinion as to that issue on mootness grounds because the plaintiff had "mov[ed] across country and bec[ame] an adult." *Id.* at 713–14. ("Mootness has frustrated [defendant's] ability to challenge the Court of Appeals' ruling that he must obtain a warrant before interviewing a suspected child abuse victim at school."). Based on the foregoing, the Court determines that *Camreta v. Greene* does not conclusively establish what Plaintiffs believe it establishes (i.e., that interviewing a child without consent at school violates the Fourth Amendment). Regardless, the Court will not read Plaintiffs' meager allegations, in conjunction with a citation, to fill in the very necessary factual predicate that Plaintiffs have failed to plead.

provide any facts to suggest *who* violated their Fourth Amendment rights, *how* their rights were violated, and *when* such violation occurred. Plaintiffs also aver that their Fourteenth Amendment due process rights were violated because they were not given a hearing. (*Id.*) Notably, they do not provide any context as to what type of hearing they were entitled to. Regardless, they undermine their claim by adding "now we are getting [sic] hearing." (*Id.*)

Additionally, one of the plaintiffs (although it is unclear which one) alleges that they are being retaliated against for filing this federal case, and that in retaliation "they are trying to have me declared incompetent" in his or her "criminal case so they don't look retaliatory in the chips case . . . ." (*Id.*)[3] Based on this statement alone, the Court cannot decipher who is retaliating against whom. However, when read in conjunction with the other allegations, the Court deciphers that one of the plaintiffs is asserting that a Manitowoc County Circuit Court judge, Judge Roherer, violated that plaintiff's due process rights by failing to hold a hearing, denying motions, and filing a restraining order against him or her. (Docket #27 at 2).

The Court gleans that, at some point in time, Heidi Schroader, who works for the Manitowoc School District, allowed Brianna Zipperer, a social worker, and Detective Dave McCue to interview Howell's grandchildren, and Gorecki and Rupp's children, at school. (*See* Docket #27 at 1, #28 at 4).[4]

---

[3]"When children come to court because a parent has hurt them or not taken care of them, this is a CHIPS case. This stands or [sic] 'Child in Need of Protection and/or Services.'" *What is CHIPS?*, available at https://www.wicourts.gov/courts/resources/kid/activitybook/families1.htm (last visited Aug. 30, 2021).

[4]Plaintiffs allege that the Manitowoc County Human Services Department was also involved in this interview in some way. To maintain a § 1983 claim

According to Plaintiffs, the children are disabled. (Docket #27 at 1). Plaintiffs allege that McCue intimidated the children and that he and Zipperer coerced the children into providing statements. (*Id.*; Docket #28 at 4). Notably, it is unclear when this interview took place, whether there was more than one interview, and which children were interviewed by some of the defendants. Moreover, Plaintiffs fail to establish whether Defendants violated Plaintiffs' constitutional rights, as opposed to those of their children and/or grandchildren.

One of the plaintiffs also avers that Defendant Stephanie Willis, a social worker, violated his or her rights by taking or failing to take certain actions in connection with state court hearings. (Docket #28 at 4). Again, Plaintiffs fail to specify who is making this claim and when such violation occurred.

Plaintiffs also name the Senn Family and Delores Senn (the "Senns") as defendants in the Third Amended Complaint. According to Plaintiffs, the Senns neglected Plaintiffs' children/grandchildren and had the children/grandchildren share a bedroom with each other. Finally, the Court assumes that Howell is the plaintiff alleging that the Valders School District

---

against a municipal entity, such as Manitowoc County Human Services Department, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers, and then must establish causation between that policy or custom and the constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978)). This is because municipal entities cannot be held liable for an employee's unconstitutional conduct on a *respondeat superior* theory. *Monell*, 436 U.S. at 691. Although the Court dismisses this case on jurisdictional grounds as to the Manitowoc County Human Services Department, *see supra* Section 4, it notes that Plaintiffs have failed to allege that that entity has an unconstitutional policy or custom which led to the deprivation of Plaintiffs' constitutional rights.

is "violating [her] guardianship rights and not giving [her] any information about her grandson." (Docket #27 at 2).[5]

## 4. ANALYSIS

Plaintiffs' Third Amended Complaint is largely incomprehensible. They have written their allegations in a way that "*might* suggest that something happened" to them or their children and/or grandchildren "that *might* be redressed by the law." *Swanson*, 614 F.3d at 403. If the Court were to engage in the guesswork that Plaintiffs' Third Amended Complaint requires to understand Plaintiffs' constitutional claims, the Court would be "assum[ing] the role of advocate" for the Plaintiffs, which it simply cannot do. *Harpel v. Ulrick*, Case No. 1:18-CV-320, 2020 WL 584615, at *1 (N.D. Ind. Feb. 6, 2020). The Court cannot "rewrite a petition to include claims that were never presented." *Id.*

Notwithstanding these issues with Plaintiffs' pleadings, one looming jurisdictional issue remains, and it is largely on this ground that Plaintiffs' complaint may not proceed. The Court has already cautioned Plaintiffs that, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the Court must refrain "from resolving isolated legal issues that might matter to

---

[5]Notably, Howell's allegations against the Valders School District are (seemingly) not connected to the alleged interview of her grandchildren, (*see* Docket #27 at 2). Because Plaintiffs' claims stemming from that interview are dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), *see supra* Section 4, for good measure, the Court evaluates Howell's claims against the Valders School District separately from the other defendants. The Court makes short work of Howell's claims against the Valders School District, a municipal entity. As discussed *supra* in footnote 4, to state a § 1983 claim against a municipal entity, Howell must have identified a policy or custom attributable to the Valders School District and then establish causation between that policy or custom and the alleged deprivation of her constitutional rights. *Monell*, 436 U.S. 691–94. Howell fails to state such a claim as to the Valders School District.

proceedings already before a state agency or judge." (*See* Docket #15 at 6) (quoting *Milchtein v. Chisholm*, 880 F.3d 895, 899 (7th Cir. 2018)). In *Milchtein*, the Seventh Circuit reiterated that "[p]rinciples of comity and federalism permit states to resolve for themselves all legal contentions, including those based on the Constitution." 880 F.3d at 899. Moreover, the appellate court explained that, although the *Younger* abstention doctrine first applied to "a criminal defendant's attempt to obtain federal intervention in a pending prosecution," the courts have "since . . .extended [application of the *Younger* abstention doctrine] to civil litigation brought by the state to vindicate its policies," i.e., child-welfare and child-custody proceedings, and state administrative proceedings. *Id.* at 898.

Based on Plaintiffs' submissions, the Court surmises that there are *at least* two ongoing state-initiated proceedings that relate to the allegations in the Third Amended Complaint. For example, in their supplement, Plaintiffs include a state court case number. (*See* Docket #27 at 1). One Plaintiff avers that Judge Roherer[6] is trying to get him or her "declared incompetent in my criminal case so they don't look retaliatory in the chips case . . . ." (Docket #28 at 3, Docket #27 at 2). Additionally, Plaintiffs allege that they are being routinely investigated by some combination of Defendants, that they were being denied a hearing but now they are "getting a hearing," and that some Defendants are taking some sort of action against them without "getting warrants or court orders because they just say it was imminent." (Docket #28 at 2–5). Finally, Plaintiffs' claims that social worker Stephanie Willis was

---

[6]Even if the *Younger* abstention doctrine did not apply, based on Plaintiffs' allegations, Judge Roherer is not a proper defendant in this action and, as such, the Court would be obliged to dismiss him. This is because "judges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citations omitted).

failing to have court hearings and schedule meetings, and that she "lied to the court," implies that there are ongoing state-court proceedings related to this matter. (*Id.* at 4).

If this Court were to inject itself at this juncture and adjudicate Plaintiffs' alleged constitutional claims, the Court would undoubtedly be interfering with state case(s). Plaintiffs cannot use a "federal court to go on the offensive—to use a favorable federal court judgment in state court to influence the state court's . . . decisions." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Thus, in accordance with *Younger*, the Court must abstain.

The Court notes that it is unclear whether Plaintiffs are alleging that the Senns are state actors, or whether Plaintiffs seek to bring a state law negligence claim against the Senns. (*See* Docket #27 at 2). If Plaintiffs are not alleging that the Senns are state actors, but instead bring claims against them as private citizens, the Court must dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted. This is because "Section 1983 requires that an alleged constitutional deprivation must have been committed by a person acting under the color of state law." *McNulty v. Brooks*, Case No. 21-C-565, 2021 WL 2635880, at *2 (E.D. Wis. June 25, 2021) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988)). Further, if Plaintiffs are attempting to bring a state law negligence claim against the Senns, because the Court will be dismissing Plaintiffs' case on jurisdictional grounds, it declines to exercise supplemental jurisdiction over any of Plaintiffs' claims based in state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Either way, Plaintiffs may not proceed against the Senns in this action.

5. **CONCLUSION**

Based on the foregoing, the Court dismisses this case without prejudice. However, at this juncture, the Court does not give Plaintiffs leave to amend, as the Third Amended Complaint is the result of such leave and Plaintiffs have again failed to state claims upon which relief could be granted and/or because the Court must abstain from adjudicating their claims pursuant to *Younger v. Harris*. At this juncture, the Court also summarily denies as moot the following motions: Howell's, Gorecki's, and Rupp's motions for leave to proceed *in forma pauperis*, (Docket #21, #22, #23); Howell's and Gorecki's motions to appoint counsel, (Docket #24 and #25); and Rupp's motion seeking reinstatement of his minor children as plaintiffs in this case, (Docket #29).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiffs Gorecki's, Rupp's, and Howell's respective motions for leave to proceed *in forma pauperis* (Docket #21, #22, and #23), Plaintiffs Howell's and Gorecki's respective motions to appoint counsel (Docket #24 and #25), and Plaintiff Rupp's motion seeking reinstatement (Docket #29) be and the same are hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge